Citation Nr: 1814063 
Decision Date: 03/07/18 Archive Date: 03/14/18

DOCKET NO. 12-07 807 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Anchorage, Alaska


THE ISSUES

1. Entitlement to an extraschedular rating under 38 C.F.R. §3.321(b) for service-connected bilateral wrist fracture residuals.

2. Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

R. Janofsky, Associate Counsel


INTRODUCTION

The Veteran served on active duty from May 2003 to June 2007.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2011 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran testified at a hearing before a Veterans Law Judge (VLJ) in July 2012. A transcript of the hearing is of record. As discussed in the Board's April 2017 remand, the VLJ who conducted the July 2012 Board hearing later retired. The Veteran was offered another hearing before a VLJ who would decide his case, but the offer letter was returned as undeliverable. The Board's April 2017 remand stated that around that time, an administrative search for an alternate address had disclosed no other known current addresses. As discussed further in the remand below, the Veteran later (and most recently, as of the date of this remand) reported a new address in August 2017. 

These claims have a long procedural history and have been remanded previously. Most recently, in April 2017, the Board remanded the issues on appeal for further development. The Board finds that the RO did not substantially comply with the April 2017 remand because as discussed below, the requested development was not completed adequately given due process deficiencies. Thus, this matter must be remanded for full compliance with the remand instructions and to afford the Veteran procedural due process. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board sincerely regrets the delay, but another remand is required to afford the Veteran procedural due process.

Since 2011, when the Veteran filed increased rating claims for his bilateral wrist condition that led to this appeal, he has used several different addresses. It is well-documented that the multiple address changes relate to his periods of homelessness throughout the pendency of the claims on appeal. There are several indications in the file that he has not received multiple documents mailed both before and after the April 2017 remand, as noted in the representative's October 2017 brief. Key documents recently returned as undeliverable include: the April 2017 remand; the May 2017 RO notice sent pursuant to the April 2017 remand (requesting a completed VA Form 21-8940 for the pending TDIU claim and regarding post-remand development of VA treatment records); and the August 2017 Supplemental Statement of the Case (SSOC). These notice deficiencies are significant because the RO primarily has corresponded with the Veteran via mail. 

In August 2017, while this appeal was most recently in remand status, the Veteran submitted a VA Form 21-4502 (Application for Automobile or Other Conveyance and Adaptive Equipment) noting a new address. Thus, although the RO was on notice during that period that the Veteran was not receiving mail, the RO also had notice of a new, current address. Therefore, a remand is needed for the RO to correct these notice deficiencies. Specifically, the RO must re-send to the Veteran's current address as of August 2017 (or, if he reports yet another change of address in the interim period, then to the most recently reported address of record upon remand) all documents since July 2011 that have been returned as undeliverable.

These notice efforts must specifically include re-issuing the May 2017 RO notice sent pursuant to the April 2017 remand in order to afford the Veteran another opportunity submit a completed VA Form 21-8940 (TDIU claim form). The Board finds that the RO did not substantially comply with the April 2017 remand's first instruction given the notice deficiencies discussed above that led to the May 2017 notice getting returned as undeliverable. See Stegall, supra. 

In addition, as discussed in the Board's April 2017 remand, the VLJ who conducted the July 2012 hearing later retired. In a November 2016 notice, the Veteran was offered another hearing before a VLJ who would decide his case. However, that letter was returned as undeliverable in January 2017. The Board's April 2017 remand stated that at that time, an administrative search for an alternate address had disclosed no other known current addresses. However, as discussed above, the Veteran later identified a new, current address in August 2017. Therefore, upon remand, these notice efforts specifically must include re-issuing the appropriate notice to inquire whether he wants another Board hearing. 

Specific procedures for contacting homeless veterans are set forth in 38 C.F.R. § 1.710. For instance, correspondence may be delivered to the Agent Cashier of a VA medical facility, if the Veteran attends that facility or is likely to attend that facility. Upon remand, the RO must follow those procedures given the Veteran's consistently unstable housing situation, unless the RO clearly confirms and documents that he has obtained a fixed address (whether that is the address identified in the August 2017 claim form as noted above, or some other address that he may later identify), and is reachable by the usual means. The Veteran is advised that he should always try to provide both the RO and the VAMC with a current address, if possible, and keep it updated.

In addition, as this matter is being remanded for the reasons discussed above, and the most recent VA examination of the Veteran's wrists was conducted about three years ago in February 2015, the RO also should afford the Veteran a new VA examination to assess the current state of these conditions. The VA examiner specifically should address the functional impact of these conditions of the Veteran's ability to perform both physical and sedentary work. 

Furthermore, VA treatment records from within the appeal period reference relevant treatment with an unidentified private provider. See November 2014 VA treatment record (referencing request for non-VA care consult regarding pain management for bilateral wrist pain); see also December 2014 VA treatment record (referencing completion of non-VA pain management consult and report). Upon remand, the RO should attempt to obtain all outstanding, pertinent private treatment records from any providers sufficiently identified in the necessary releases. If they are not available, then the Veteran should be advised of this fact and given an opportunity to submit the records himself, as these records may be relevant to his appeal. 

Finally, all outstanding VA treatment records also should be associated with the file upon remand. The Board observes that the Veteran's most recently identified address is in a different state than previously identified addresses. He has reported and the medical evidence of record shows that he primarily has received care at various VA medical facilities in the states where he previously resided. Therefore, the RO should inquire if he has received relevant care at a VA facility in the new state where he has resided since at least August 2017 so that the RO can attempt to obtain those outstanding VA treatment records (if any) obtained upon remand.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. If, upon remand, the RO determines that the Veteran is currently homeless (despite his most recent report of a new address in the August 2017 claim form referenced above), then the complete process in 38 C.F.R. § 1.710(d) must be followed for all correspondence pertaining to this appeal. The RO must document its efforts to comply with this process.

2. Send the Veteran all documents of record that have been returned as undeliverable since July 2011 to his most recently reported address of record (which, as of the date of this remand, is the address reported in the VA Form 21-4502 received in August 2017). This process must include, but is not limited to, re-issuing the following key documents: 

a. November 2016 notice (asking Veteran whether he wanted a new Board hearing given the retirement of the 2012 hearing VLJ);
b. Board's April 2017 remand; 
c. May 2017 RO notice issued pursuant to the April 2017 remand (requesting completed VA Form 21-8940 and regarding recent development of VA treatment records);
d. August 2017 SSOC.

In completing Step 2 above, the RO must document its compliance with the notice procedures outlined in 38 C.F.R. § 1.710(d), if applicable.

3. Then, only after completing Step 1 and 2 above, to the extent possible, proceed to the following instructions.

4. Send the Veteran and his representative a letter (and, if applicable, following the notice procedures in 38 C.F.R. § 1.710(d)) asking the Veteran to identify any VA treatment facilities where he currently undergoes treatment for his bilateral wrist conditions, including but not limited to any VA facilities in the state where he currently resides (identified in the August 2017 claim form). 

5. Then, obtain and associate with the claims file all outstanding VA treatment records dated from the following VA facilities and time periods:

a. Puget Sound Health Care System (to include the Seattle VA Medical Center and any associated outpatient clinics) from April 2017 to the present;
b. Alaska VA Healthcare System (to include the Anchorage VA Medical Center, the Anchorage Domiciliary, and any associated outpatient clinics) from April 2015 to the present;
c. Any additional VA facilities that the Veteran or his representative may identify in response to the letter sent per Step 4 above.

6. Send the Veteran and his representative a letter (and, if applicable, following the notice procedures in 38 C.F.R. § 1.710(d)) asking the Veteran to complete release forms identifying any outstanding private treatment records relevant to the remanded claims (including the non-VA wrist pain management treatment referenced in the November and December 2014 VA treatment records noted above). All negative responses from any identified private providers must be documented. If such private treatment records are unavailable, then the RO must notify the Veteran.

7. Then, only after completing Steps 4 to 6 above, to the extent possible, schedule the Veteran for a VA examination with a qualified medical professional to address the current nature, symptoms, and severity of his service-connected bilateral wrist conditions. 

The examiner must comment on the functional impact of the Veteran's service-connected bilateral wrist conditions on his ability to work, with a full supporting rationale. 

8. After completing the above and any other development deemed necessary, readjudicate the Veteran's claims based on the entirety of the evidence. If the benefits sought on appeal are not granted to the Veteran's satisfaction, he and his representative should be provided with a supplemental statement of the case. An appropriate period of time should be allowed for response. The case should then be returned to the Board for further consideration, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).